IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-02416-RBJ

BYRON LIVELY,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## AMENDED ORDER

    This action is before the Court on plaintiff Byron Lively's request for review of a decision by the Social Security Administration to deny his applications for Social Security Disability Benefits ("SSDB") and Supplemental Security Income ("SSI") dated April 06, 2007. R. at 82-90. Jurisdiction over this dispute is proper under 42 U.S.C. § 405(g). Mr. Lively's "Opposed Motion to Supplement the Administrative Record and Motion for Remand" (Doc. #13), filed on March 31, 2011, is currently before the Court. Mr. Lively argues that additional evidence submitted with this motion (Doc. # 13-1, Doc. # 13-2, Doc. # 13-3) is good cause to remand this case for further administrative proceedings before the Social Security Administration pursuant to 42 U.S.C. § 405(g). The Court agrees.

    In this case, the Social Security Administration denied Mr. Lively's claim for benefits after an extensive administrative process culminating in an Unfavorable Decision by Administrative Law Judge ("ALJ") E. William Shaffer on September 11, 2009. Mr. Lively filed another set of applications for SSDB and SSI on June 15, 2009. A decision on Mr. Lively's

second applications was not reached until December 31, 2010, when a Notice of Award (Doc, #13-1) was issued finding Mr. Lively disabled as of September 10, 2009.

42 U.S.C. § 405(g) provides that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." New evidence is material where it if it "'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination .'" *Browning v. Astrue*, 2010 WL 1511667, at *10 (D. Ariz. April 15, 2010) (unpublished) (citations omitted). "[A] subsequent opinion is not material, however, if it relies on different facts, such as new medical evidence, time periods, or age classifications." *Id.*

The December 2010 Notice of Award and related evidence is "new evidence" that has not been considered by the Social Security Administration, except through defense counsel who opposes Mr. Lively's motion (doc. #16), with respect to Mr. Lively's April 2007 applications for SSDB and SSI. The December 2010 Notice of Award was not considered by the Administration for "good cause"; the Appeals Council denied Mr. Lively's request for review of the ALJ's September 11, 2009 Unfavorable Decision on August 13, 2010, before the Notice of Award was issued. R. at 1-4. The Administrative Record for the proceedings on Mr. Lively's June 2009 applications is not before the Court. However, federal courts have found that "an ALJ's award of benefits less than a week [and, in this case, the day before] the ALJ denied a claimant's first benefits application constitutes new and material evidence." *Luna v. Astrue,* 623 F.3d 1032, 1034 (9th Cir. 2010) (quotations omitted); *see also Chamblin v. Astrue*, Civ. No. 09-cv-01955-REB, 2010 WL 3843031, *3 (D. Colo. Sept. 24, 2010) (collecting cases). The Court holds that

the December 2010 Notice of Award is evidence material to the instant dispute over Mr. Lively's April 2007 applications for benefits and directs the parties to the Ninth Circuit's decision in *Luna v. Astrue* for the reasoning that serves as the basis for this holding. *Id*.

Accordingly, it is ORDERED that plaintiff Byron Lively's Motion to Supplement the Administrative Record and Motion to Remand, Doc. # 13, be GRANTED. The decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further administrative proceedings consistent with this Order and 42 U.S.C. §405(g).

The Commissioner is ORDERED to allow plaintiff to supplement the Administrative Record to permit proper resolution of factual issues pertaining to whether Plaintiff was disabled on or after the alleged disability onset date in his April 2007 applications for SSDB and SSI.

DATED this 8th day of March, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge